**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**CHARLES W. TOLAND, JR.**

                **Petitioner,**

    **v.**                                                    **9:04-CV-0773**
                                                                **(GLS)**

**JAMES WALSH, Superintendent,**

                **Respondent.**
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PETITIONER:**

**CHARLES W. TOLAND, JR.**
Petitioner, *pro se*
No. 96-A-5505
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**            **ALYSON J. GILL, Esq.**
Office of the Attorney General        Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**GARY L. SHARPE**
**UNITED STATES DISTRICT JUDGE**

<u>**DECISION and ORDER**</u>

**I.**    <u>**Background**</u>

        Petitioner Charles W. Toland filed a *pro se* petition in this District seeking a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 on July 6, 2004.  Dkt. No. 1.  In his pleading,

Toland alleged that:  i) he was wrongfully denied his right to appear before the grand jury that

indicted him; ii) he received the ineffective assistance of counsel during the criminal

proceedings below; iii) the evidence adduced at trial was insufficient to support the jury's

verdict; iv) the trial court erred in denying post-trial motions he filed without any hearing; v)

the testimony of a prosecution witness was incredible as a matter of law; vi) the County Court

erred in allowing portions of an audio tape recording into evidence; vii) the trial court

wrongfully denied defense counsel's motion for a mistrial; viii) the County Court abused its

discretion when it converted a motion Toland filed pursuant to § 330.30 of New York's

Criminal Procedure Law ("CPL") into a CPL § 440.10 motion; ix) the prosecutor engaged in

misconduct in the criminal matter below; x) the jury charge delivered by the trial judge was

flawed; and xi) the prosecutor improperly bolstered the testimony of one of his witness during

summation.  Petition at ¶ 12.  Toland thereafter filed a memorandum of law in support of his

habeas application.  Dkt. No. 10.

      Toland's *in forma pauperis* application was granted by United States Magistrate Judge

David E. Peebles, Dkt. No. 3,[1] and the Attorney General for the State of New York, acting on

respondent's behalf, filed a memorandum of law in opposition to Toland's application on

March 2, 2005.  Dkt. No. 21.  On June 10, 2005, Toland filed, with the Court's permission, a

"traverse" in further support of his habeas petition.  Dkt. No. 30 ("Traverse").  On January 4,

2008, this Court issued a Memorandum-Decision and Order which denied and dismissed

Toland's habeas petition in all respects.  Dkt. No. 33 ("MDO").  Toland thereafter filed: a)

motion in which he seeks reconsideration of the MDO, *see* Dkt. No. 37 ("Motion for

Reconsideration"); and b) a request for a Certificate of Appealability (Dkt. No. 40), both of

which are currently before this Court for review.

---

[1] Petitioner's action was referred to Magistrate Judge Peebles pursuant to 28 U.S.C. § 636 and Rule 72.3(c) of the Local Rules of Practice for the Northern District of New York.

II.     **Discussion**

    A.     **Standard of Review Regarding Motions for Reconsideration**

        As Senior Judge Thomas J. McAvoy recently observed, the burden on a party seeking reconsideration of an order is substantial; the application will "'generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Butler v. Baker*, No. 06-CV-0893, 2008 WL 351663, at *1 (N.D.N.Y. Feb. 7, 2008) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995)); *see also Colon v. Sawyer*, No. 9:03CV1018, 2007 WL 4440930, at *1 (N.D.N.Y. Dec. 17, 2007) (Kahn, J.).  A motion for reconsideration may only be granted upon where the movant establishes the existence of one of three factors:  1) an intervening change in law; 2) the availability of evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice.  *Shannon v. Verizon New York, Inc.*, 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (Kahn, J.) (citation omitted).

    B.     **Review of Toland's Application**

        Toland initially argues that reconsideration of the MDO is necessary because Magistrate Judge Peebles, to whom this action had been referred, did not issue a Report and Recommendation addressing the substance of Toland's petition, and instead this Court issued a Memorandum-Decision and Order which addressed the merits of petitioner's application without the benefit of any Report-Recommendation.  *See* Motion for Reconsideration at p. 1. Toland contends that the foregoing not only deprived him of the opportunity to file objections to a Report-Recommendation, but also that the vacatur of the reference to the Magistrate Judge

3

was contrary to the legislative history of 28 U.S.C. § 636, which Toland suggests stands for the proposition that once an order has been issued which has referred a case to a Magistrate Judge under that section, such reference should only be vacated in rare circumstances where good cause for the vacatur has been shown.  *See* Motion for Reconsideration at pp. 2-3.

28 U.S.C. § 636 provides, in salient part:

(b)(1) Notwithstanding any provision of law to the contrary–

\* \* \* \* \*

> (B) a judge may ... designate a magistrate judge to... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of ... applications for posttrial relief made by individuals convicted of criminal offenses ...

> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

\* \* \* \* \*

(c) Notwithstanding any provision of law to the contrary–

\* \* \* \* \*

> (4) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

*See* 28 U.S.C. § 636.

The "determination of good cause for purposes of vacating reference 'is committed to the court's sound discretion.'" *Paddington Partners v. Bouchard*, 950 F.Supp. 87, 89 (S.D.N.Y. 1996) (citation omitted).  The Second Circuit has specifically recognized that such discretion is properly exercised by the district court where dispositive matters are pending before it. *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002).

In the present case, the habeas petition was fully briefed and ready for court review after Toland filed his Traverse on June 10, 2005.  Dkt. No. 30.  The most current statistical report generated by the Administrative Office of the United States Courts regarding the length of time concerning disposition of civil cases in the Northern District of New York reflects that in 2007, the Northern District was ranked 78 out of 94 courts when calculating the median time (in months) between the filing date of a civil case and the time of the disposition of such case. *See* Judicial Caseload Profile for the Northern District of New York (reproduced at www.jnet.ao.dcn/cgi-bin/cmsd2007.pl).  Thus, more than eighty percent of the district courts in the nation processed civil cases in a more expedited manner than the Northern District for the year 2007.[2]

By implicitly rescinding the prior referral of this case to Magistrate Judge Peebles in its MDO, this Court addressed the claims raised by Toland and simultaneously disposed of the action that had been fully briefed and pending for more than three years in a more expedited manner than would have been possible had Magistrate Judge Peebles reviewed the file, issued a

---

[2]  While this Court was reviewing Toland's file in December, 2006, the most current report generated by the Adminstrative Office at that time established that the Northern District was ranked 76 out of 94 courts regarding the median time from filing to dispositon, a number that similarly reflected that more than eighty percent of the district courts in the country had disposed of civil cases more quickly than the Northern District for the calendar year 2006 (reproduced at www.jnet.ao.dcn/cgi-bin/cmsd2006.pl).

Report-Recommendation on the petition, objections were filed thereto, and this Court then reviewed those objections before issuing a dispositive order in this case.  The goal of reducing the length of time a civil action is pending in this District is clearly an appropriate basis upon which to vacate a reference to a Magistrate Judge, particularly in light of the Administrative Office reports noted above.

Since this Court properly exercised its discretion in vacating the referral and issuing the Memorandum-Decision and Order which disposed of Toland's petition, he is not entitled to the relief he seeks on this theory.

Toland next argues that in reviewing his claim which argued that his rights under the Confrontation Clause of the United States Constitution had been violated in the criminal matter below, this Court mistakenly analyzed his claim in the context of the Supreme Court's holding in *Ohio v. Roberts*, 448 U.S. 56 (1980), which Toland correctly notes was overruled by that court in 2004.  *See* Motion for Reconsideration at pp. 3-4 (citing *Crawford v. Washington*, 541 U.S. 36 (2004)).

However, as this Court noted in its Memorandum-Decision and Order dismissing Toland's petition, he was only entitled to federal habeas relief if he established that the state court's decision denying his Confrontation Clause claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  *See* Memorandum-Decision and Order at p. 18.  "Section 2254(d)(1)'s 'clearly established' phrase 'refers to the holdings ... of this Court's decisions ***as of the time of the relevant state-court decision***.'"  *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (emphasis added) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  In the context of §

2254 petitions where New York's Court of Appeals has denied the party leave to appeal, the date of the "relevant state-court decision" is the date on which the Appellate Division denied the appellant's direct appeal. *See Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006).

The Appellate Division denied Toland's appeal on December 18, 2003. *See People v. Toland*, 2 A.D.3d 1053 (3d Dept. 2003). The *Crawford* decision which Toland urges this Court to apply in reviewing his petition was not decided by the Supreme Court until the following year. *See Crawford*, 541 U.S. at 36. Since habeas review of Toland's claim under *Crawford* would be contrary to both the language of the AEDPA and Supreme Court precedent interpreting that law, *see Lockyer*, 538 U.S. at 71, his motion for reconsideration cannot be granted on this theory.

Toland next claims that this Court "made numerous, erroneous findings of fact as they relate to the issues presented and the exhaustion of these issues." *See* Motion for Reconsideration at p. 4. In support of this argument, however, petitioner merely claims that:

> Given the opportunity petitioner will show and correct[] this Court's erroneous findings of fact as well as establish that petitioner is entitled to relief based on the historical facts of this case. Further, petitioner will show that all issues presented are exhausted.

*Id.* He neglects to discuss, however, why he did not utilize his motion for reconsideration as the "opportunity" to discuss any of the "numerous, erroneous findings of fact" purportedly made by this Court in its MDO, or to demonstrate that he had exhausted some or all of the claims which this Court found to be procedurally barred due to his failure to exhaust. Furthermore, although Toland inquired into the status of his motion for reconsideration in a document filed herein on February 8, 2008, he failed to include in that submission any evidence

which substantiates his claims regarding this Court's alleged errors.  *See* Dkt. No. 38.

Petitioner's recent application for a Certificate of Appealability similarly offers no evidence

that supports these claims.  *See* Dkt. No. 40.  Regardless, after further review of this matter, this

Court concludes that Toland's unsupported claims of alleged errors on the part of this Court are

without substance.  Thus, this theory does not afford this Court a basis upon which to grant

Toland's application.

Finally, to the extent that petitioner argues that this Court did not liberally construe his

petition and consider all of the claims he asserted in that application, *see* Motion for

Reconsideration at pp. 4-5, this Court disagrees.  The Memorandum-Decision and Order

denying Toland's petition consisted of forty-seven (47) pages and addressed approximately ten

grounds for relief, a number of which included multiple theories in support of a single ground.

This Court is not persuaded that it failed to properly consider the grounds for habeas relief

which Toland asserted in his petition.  Therefore, he is not entitled to reconsideration of the

Memorandum-Decision and Order under this final theory he asserts in support of his

application.

C.    **Renewed Request for Certificate of Appealability**

Finally, the Court notes that on February 25, 2008, Toland filed an application in which

he seeks a Certificate of Appealability from this Court.  *See* Dkt. No. 40.  That application is

denied for the reasons set forth in the MDO, including the portion of that Order which noted

that in this action, petitioner has failed to make a substantial showing of the denial of a

constitutional right.  *See* MDO at pp. 46-47 (quoting 28 U.S.C. § 2253(c)(2)).

**WHEREFORE**, after having reviewed Toland's Motion for Reconsideration, the

documents submitted by the parties in conjunction with this action, this Court's January 4, 2008 Memorandum-Decision and Order, the applicable law, and for the reasons discussed herein, it is hereby

      **ORDERED**, that Toland's Motion for Reconsideration (Dkt. No. 37) is **DENIED**, and it is further

      **ORDERED**, that Toland's request for a Certificate of Appealability (Dkt. No. 40) is **DENIED**, and it is further

      **ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties by regular or electronic mail.

Dated:      March 6, 2008

Gary L. Sharpe
U.S. District Judge

9